**Richmond**

SAMUEL T. WRIGHT

v.

COMMONWEALTH OF VIRGINIA

Record No. 820418.

VERNON L. LIGHTFOOT

v.

COMMONWEALTH OF VIRGINIA

Record No. 820419.

December 3, 1982.

Present: All the Justices.

*Michael Morchower (C. David Whaley; Morchower & Luxton,* on brief), for appellant. (Record No. 820418.)

*Robert H. Anderson, III, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee. (Record No. 820418.)

*Michael Morchower (C. David Whaley; Morchower & Luxton,* on brief), for appellant. (Record No. 820419.)

*Robert H. Anderson, III, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee. (Record No. 820419.)

STEPHENSON, J., delivered the opinion of the Court.

In a bench trial, Samuel T. Wright and Vernon L. Lightfoot were convicted of conspiracy to commit robbery, and each was sentenced to five years imprisonment, with two years suspended. The sole question presented is whether the evidence is sufficient to sustain the convictions.

On March 27, 1981, at about 10:40 p.m., a policeman was dispatched to an office building in Chesterfield County. Upon his arrival, he encountered an unoccupied automobile "parked in a weeded area approximately 25 feet off of the gravel portion of the parking lot" in such a position that it could not be seen from the road. The car was parked in a dark area, the nearest illumination being from lights at a nearby McDonald's restaurant, approximately 300 feet away. The weeded area where the automobile was parked led to the McDonald's parking lot.

The officer examined the automobile and noted the engine was still warm. After looking into the car's interior, he assumed a position where he could observe the car without being seen. In addition, he called for assistance. Other officers arrived at the McDonald's parking lot in marked vehicles.

After maintaining a surveillance for about 25 minutes, the officer observed the defendants coming from the vicinity of the McDonald's restaurant. Using binoculars, he saw the pair place what appeared to be a gun directly in the center of the trunk of the automobile. The other officers stopped the car as the defendants attempted to drive away.

After the car was stopped, the police discovered two stocking masks, a black skullcap, two ski caps, and a pair of brown gloves between the two front seats. These items were not present when the officer first examined the car. A second pair of gloves was later found on Lightfoot.

The police found a loaded .38 caliber revolver lying in the center of the trunk in approximately the same position the officer had seen the defendants place an object. The trunk was very clean, with no other item being in the vicinity of the gun. When arrested, Wright had on his clothing and beard pieces of plant material similar to the weeds in the area between the car and the McDonald's restaurant.

Lightfoot gave the police a statement.* He said that he and Wright had been "just riding around," and had parked the car so they could urinate. He admitted looking into the automobile's trunk, but denied any knowledge of the gun. When asked to explain how the gun got in the trunk, he suggested it may have been placed there by someone who borrowed his car. The defense presented no evidence.

Conspiracy is defined as "an agreement between two or more persons by some concerted action to commit an offense." *Falden* v. *Commonwealth*, 167 Va. 542, 544, 189 S.E. 326, 327 (1937). A conspiracy may be proved by circumstantial evidence. "Indeed, from the very nature of the offense, it often may be established only by indirect and circumstantial evidence." *Floyd* v. *Commonwealth*, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978).

In determining the sufficiency of the evidence, we must view it and all reasonable inferences therefrom in the light most favorable to the Commonwealth. The verdict of the trial court will not be disturbed unless it is plainly wrong or without evidence to support it. *Carter* v. *Commonwealth*, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982).

The defendants contend there is no proof they had an agreement to commit a crime. However, their actions were consistent with illegality and inconsistent with legality. They parked their car in a secluded area, hidden from the road. They left the car, taking with them ski masks, gloves, and a loaded .38 caliber weapon. From the officer's testimony and the weeds found on Wright, the court could infer the pair headed towards McDonald's, one of the few open establishments in the otherwise deserted area. Considering all these circumstances, the trial court could reasonably infer the defendants had agreed to commit a crime.

Defendants further argue that even if this is the case, there is insufficient evidence to show they had conspired to commit a robbery. They argue it is equally likely they had set out to commit another felony or even a misdemeanor. We do not agree.

We have held in a number of cases that the finder of fact may draw reasonable inferences that a defendant intended to commit one crime rather than another. *Black* v. *Commonwealth*, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981); *Johnson* v. *Common-*

---

* This statement, made after any conspiracy had ended, was admitted as evidence only against Lightfoot.

*wealth,* 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968). In *Black,* the evidence indicated the defendant attempted to break into a residence. We held that, considering all the circumstances, the finder of fact could infer his intent was to commit a larceny rather than a rape or other crime. *Black,* 222 Va. at 841, 284 S.E.2d at 609. In *Johnson,* the defendant placed a gun to a cabdriver's back. However, the driver escaped before the crime could be completed. Again, we held the evidence sufficient to infer that a robbery rather than another crime had been contemplated. *Johnson,* 209 Va. at 295, 163 S.E.2d at 574. In the present case, the evidence was sufficient for the trial court to reasonably conclude the defendants' objective was robbery.

We cannot say as a matter of law that the conclusions of the trial court were plainly wrong or without evidence to support them. Therefore, the judgments will be affirmed.

*Affirmed.*

COMPTON, J., dissenting.

In my opinion, the evidence is insufficient to sustain these convictions. Even viewed in the light most favorable to the Commonwealth, the prosecutor's evidence only creates a suspicion that there was an agreement between Wright and Lightfoot. Moreover, only by indulging in pure speculation can one conclude that the intent of any such agreement was to commit a robbery, or even to commit a felony. In Virginia, a person cannot conspire to commit a misdemeanor. Code § 18.2-22. Finally, the evidence is insufficient to establish the target of the alleged robbery. This is demonstrated by the trial court's statement:

"They were out there for the purpose of robbing something. It might not have been McDonald's. It could have been Pizza Hut across [Route] 60 . . . "

Consequently, I would reverse the convictions and dismiss the indictments.