## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

    v.

Michael Eric Rivers

December 12, 1986

Case Nos. 86F925-950

**By JUDGE JAMES E. KULP**

The defendant is charged in 26 indictments with conspiracy to commit various offenses. The Commonwealth has moved to consolidate for trial all 26 indictments, and the defendant has objected and requested 26 separate trials.

Pursuant to Rule 3A:10(b), Rules of the Supreme Court of Virginia "the Court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) . . . ." Rule 3A:6(b) provides that "two or more offenses . . . may be charged in separate counts of an indictment or information if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan."

From representations made to the Court by counsel, the Court is aware that the Commonwealth's theory is that the defendant conspired with Louise Rivers to commit the offenses in each of these indictments. The indictments show that these crimes allegedly occurred between April 14 and April 17, 1986. Indictments 86F925 through 86F927 all relate to the use of a credit card belonging to Deborah L. Mahoney, indictments 86F928 through 86F948 all relate to forging, uttering and grand larceny of a series of checks of Thomas Johnston, and indictments 86F947 through

86F950 all relate to forging and uttering checks belonging to or in the name of Ethel Newcomb. Additionally, the credit cards and checks were found to be missing around April 14, 1986.

Based upon these facts the Court is of the opinion that all of the indictments are connected and constitute parts of a common scheme or plan.

The question arises, however, under Rule 3A:10(b) whether justice requires separate trials. The Court has not found any Virginia case dealing with this question, but a number of federal courts have examined the question in light of Federal Rules of Criminal Procedure 8(a) and 14, which are similar to Rules 3A:6(b) and 3A:10(b).

In *United States* v. *Thomas*, 610 F.2d 1166 (3rd Cir. 1979), the defendant was charged with thirty-one counts arising out of his employment as president of a bank. The defendant moved to divide the counts into six groups and for a separate trial of each group. The defendant claimed that he was prejudiced by the joinder of all offenses because the jury might improperly regard the crime charged in each count as corroborative of the other crimes. In rejecting the defendant's motion for separate trials, the district court pointed out that under Federal Rules of Evidence 404(b), evidence of other crimes is admissible for the purpose of establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Since the charges related to the defendant's position as bank president, the evidence of the acts alleged in each count might have been admissible at the trials of the other counts to prove opportunity, preparation, plan or knowledge. Consequently, the defendant could not have been prejudiced by a corroborative effect of the joint introduction of evidence regarding the crimes alleged in the thirty-one counts.

The Third Circuit Court of Appeals also rejected the defendant's claim of prejudice created by the cumulative effect created when all thirty-one counts were tried jointly. The defendant's claim was that the jury might have been unable to separate the evidence presented on each offense. The Court held that the trial court's careful instruction to the jurors that they were to consider each count separately was sufficient to allow the jurors

to separate the evidence and decide the merits of each count independently of the others.

The Circuit Court also rejected the defendant's argument that he would be prejudiced by the joinder of the counts because this made the case so complex the jury would be unable to deliberate fairly on each separate allegation. The response of the Court to this argument is worth repeating:

> While Thomas correctly identifies the potential danger inherent in all cases where several related charges are tried jointly, he underestimates the role that the jury occupies in our system of justice. Many cases--particularly in the antitrust and corporate crime fields--involve a complex series of factual allegations. Trial of these cases frequently requires presentation of seemingly unrelated transactions that in the aggregate amount, for example, to an attempted monopolization or a conspiracy to defraud corporate shareholders. Indeed, in some cases the jury is required to listen to months of testimony. Yet, absent special justification, juries are relied on to recall and to sort through a broad range of evidence to which they are exposed. In some cases, to be sure, the testimony may become so interwoven that no jury could be expected to organize and understand it. To guard against that contingency, the trial judge--who himself has listened to and attempted to follow the testimony--is vested with the authority to declare a mistrial and to order separate trials of the alleged offenses. When a trial judge perceives no such need to sever the counts of the indictment under Rule 14, that decision is accorded broad deference by the appellate courts. *See United States* v. *Catena,* 500 F.2d at 1325-26. It is the trial judge who is most aware of the need for judicial economy in trying complex cases and of the prejudice that may develop in the joint trial of separate offenses. A trial judge's decision in this regard will not be disturbed

unless a clear abuse of discretion is shown. Thomas has not met this burden.

610 F.2d at 1170-71.

Other courts have followed the same rationale in approving of the joinder of numerous charges in a single trial. *See United States v. Kapnison*, 743 F.2d 1450 (10th Cir. 1984) (rejecting defendant's contention that joinder of eighteen counts is inherently prejudicial); *United States v. Shelton*, 736 F.2d 1397 (10th Cir. 1984) (rejecting defendant's claim of prejudice of the joinder of 180 counts).

The reasoning of the Third Circuit in *Thomas* on the prejudicial effect of the joinder of a number of charges in a single trial is equally applicable to the present case. As previously noted all of these charges are part of a common scheme occurring over a three-day period. Like the federal courts, Virginia recognizes that evidence of other offenses is admissible when relevant to some element or issue in the case. *Kirkpatrick v. Commonwealth*, 211 Va. 269 (1970); *Hawks v. Commonwealth*, 228 Va. 244 (1984); Friend, *The Law of Evidence in Virginia*, Sec. 153 (2d ed. 1983). In the Court's view the evidence of the various acts charged in the indictments would be admissible at the trial of any indictment to prove intent, knowledge and particularly to negate the defense that the accused was merely an innocent bystander. *See McWhorter v. Commonwealth*, 191 Va. 857 (1951). Furthermore, the defendant is charged with conspiracy and the Commonwealth must prove an agreement. Circumstantial evidence may be used to establish the agreement, *Wright v. Commonwealth*, 224 Va. 502 (1982), and the circumstantial evidence frequently will be the acts done by members of the alleged conspiracy because such acts permit an inference that the acts were done pursuant to an agreement. *See Floyd v. Commonwealth*, 219 Va. 575 (1978).

Consequently, the court is unable to see how the defendant would be prejudiced by any corroborative effect of the joint introduction of evidence regarding the acts alleged in the 26 indictments.

Furthermore, the Court does not believe the jury will be unable to separate the evidence presented on each offense. The indictments revolve around three incidents and a number of charges relate to forging, uttering and

larceny of the same check. The Court will instruct the jury that it must consider each indictment separately and base its verdict upon the evidence in each case. The Court is also of the opinion that the joinder of all charges will not make the case so complex that the jury will be unable to deliberate fairly on each separate indictment. As noted, much of the evidence will relate to the same checks and the same credit cards. The jury should have no difficulty in relating the evidence to each separate indictment.

The Court would also observe that the joinder of all indictments serves the public interest in avoiding unnecessary duplication, expense and assuring a fair and speedy trial. *See United States* v. *Shelton, supra.* Accordingly, for the reasons set forth, the Court will exercise its discretion under Rule 3A:10(b) and order that all charges against the defendant be tried at one time.