COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


AUSTIN WAYNE KEYSER, JR.
                                            OPINION
v.        Record No. 0768-95-3    BY JUDGE JOSEPH E. BAKER
                                          JULY 30, 1996
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                  Rudolph Bumgardner, III, Judge

          William E. Bobbitt, Jr., Public Defender, for
     appellant.

          John H. McLees, Jr., Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.


     Austin Wayne Keyser (appellant) appeals his bench trial

conviction by the Circuit Court of the City of Waynesboro (trial

court) for carjacking in violation of Code § 18.2-58.1.  The sole

issue presented by this appeal is whether the evidence is

sufficient to support appellant's conviction for carjacking or

whether the evidence merely proves attempted carjacking.

     The sufficiency of the evidence having been challenged, we

view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  Wright v. Commonwealth, 224 Va. 502, 505,

297 S.E.2d 711, 713 (1982).  Guided by that principle, the record

discloses that at approximately 3:20 a.m., on August 15, 1994,

Janice Knick (the victim) was engaged in her job of delivering

newspapers, using her car as transportation.  After arriving at

one of her appointed stops, the victim exited her car to perform her duties, leaving the door to her car open, its automatic transmission in park, and the motor running.  After collecting money from the newspaper box, the victim reentered her car and reached to pull her door shut when appellant "shoved" the car door back and stated, "I'm going to drive this car."  The victim's testimony continued as follows:

> I kept trying to pull the door shut but I couldn't get it shut and then all of a sudden he just pounced over my upper body.  Grabbing my arms, trying to push me over into the passenger seat and . . . my papers were stacked all the way up to the window, there was no place for me to go.  And he kept reaching for the gear shift, I assume that's what he was reaching for and I started screaming, somebody please help me . . . . He kept saying, I'm not going to hurt you[.] . . . Then I grabbed my scissors because I was thinking he wasn't going to let me out. There was no way he could take the car unless he got me out of there, it's, it just wasn't possible.

The victim tried to get her car moving but appellant's actions prevented her from doing so.  To protect herself and her property, the victim began stabbing appellant with her scissors.  She further testified that appellant told her, "I'm not going to hurt you, I'm not going to hurt you," and then he said, "you can't hurt me, you can't hurt me."  She said the struggle continued and "all of a sudden I could feel blood, it started spurting from somewhere on my hand.  I had on sandals I could feel it on my feet."  Appellant then "took off around the front of the car."  The victim immediately reported the incident to the

police.

Apprehended by the police shortly after the incident, appellant told them that all he had done was ask the victim for directions when, without provocation, she suddenly attacked him with a pair of scissors. When apprehended appellant had approximately fifteen stab wounds.

> Code § 18.2-58.1 provides, in pertinent part, as follows:
>     A. Any person who commits carjacking, as herein defined, shall be guilty of a felony punishable by imprisonment for life or a term not less than fifteen years.
>     B. As used in this section, "carjacking" means the intentional seizure or seizure of control of a motor vehicle of another with intent to permanently or temporarily deprive another in possession or control of the vehicle of that possession or control by means of partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever.

To prove that an accused violated the provisions of that code section, the Commonwealth had to prove beyond a reasonable doubt that the carjacker took possession or control of the vehicle.[1] It is not sufficient to prove that the accused merely attempted to seize the vehicle or seize control of the vehicle.

---

[1] Code § 18.2-58.1 requires an intentional "seizure or seizure of control" of a motor vehicle. "Seizure" has been defined as "[t]he act of taking possession of property." Black's Law Dictionary 1359 (6th ed. 1990). The word "control" has been held to have "no legal or technical meaning apart from its popular sense, and is synonymous with 'manage.'" National Safe Deposit Co. v. Stead, 232 U.S. 58, 62 (1914).

"'We have frequently pointed out that an attempt to commit a crime is composed of two elements:  (1) The intent to commit it; and (2) the direct, ineffectual act done toward its commission which must reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation."  Howard v. Commonwealth, 207 Va. 222, 227, 148 S.E.2d 800, 804 (1966) (citations omitted).

Although the evidence may have been sufficient to prove attempted carjacking, it was insufficient to prove beyond a reasonable doubt that appellant actually seized or seized control of the victim's vehicle as required by Code § 18.2-58.1.

Viewed in the light most favorable to the Commonwealth, the evidence disclosed that by wrongful acts appellant by physical force "pounced over [the victim's] upper body" and restrained her movement by "grabbing [the victim's] arms" while unsuccessfully attempting to "push [the victim] over into the passenger seat." However, appellant never seized the vehicle or seized control of the vehicle.  The evidence would support a conviction for attempted carjacking but not actual carjacking.

Accordingly, we reverse appellant's conviction for violation of Code § 18.2-58.1, and the case is remanded to the trial court for such further proceedings as the Commonwealth may be advised.

Reversed and remanded.