COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


TONY LAMONT HARRIS

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0159-98-2     JUDGE JOSEPH E. BAKER
                                          JUNE 8, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                      John F. Daffron, Jr., Judge

            Nathaniel M. Collier, III, for appellant.

            Jeffrey S. Shapiro, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Tony Lamont Harris (appellant) appeals from his bench trial

conviction by the Circuit Court of the City of Colonial Heights

(trial court) for conspiracy to distribute cocaine.  Appellant

contends that the evidence was insufficient to prove the existence

of a conspiracy.  We disagree.  Under familiar principles of

appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  See Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The judgment of a trial court will be disturbed only if plainly

wrong or without evidence to support it.  See id.

─────────────
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

The record discloses that Police Detective Mike Elmore called a certain pager number and subsequently received a telephone call back from a man identifying himself as "T." Sometime after the men concluded their conversation, Elmore called the same pager number and once again received a call back from "T." Elmore indicated that he wished to buy two "eight-balls" of crack cocaine, and the men arranged to meet at a Hardee's restaurant. "T" told Elmore that he would be wearing dark clothing and a red cap and would be riding in a green car.

Elmore proceeded to the Hardee's where he saw a green car occupied by Sheila Jones (Sheila), Tony Jones (Tony), and appellant. Sheila was driving, Tony was in the front passenger seat, and appellant was in the back seat. Tony was wearing dark clothing and a red hat. As Elmore approached the car, he saw Tony and appellant pointing to a marked police car that was parked at an adjacent gas station. Sheila, Tony, and appellant then drove off, aborting the sale.

After Elmore called the pager number, "T" called back and they arranged to meet at another Hardee's. Elmore testified that after he arrived at the Hardee's, he saw Sheila drive by the restaurant twice before stopping and that Sheila, Tony, and appellant were all "looking around" as they drove by. Upon arriving at the second Hardee's, Tony exited the car and showed Elmore the crack cocaine he was proposing to sell. On the pretext of going to get his money, Elmore went back to his unmarked police

-

car and radioed for assistance.  Tony was subsequently arrested inside the Hardee's.

Officer Samuel Young responded to Elmore's call and proceeded to the back of the Hardee's to intercept the green car.  Young was driving a marked police car, and he had his emergency lights flashing.  Sheila evaded Young and drove out of the parking lot.  Appellant was banging on the back of Sheila's seat and yelling "go, go, go" at Sheila as she drove off.  Young and Officer Steven P. Kolev subsequently apprehended Sheila and appellant a few blocks from the Hardee's.  At the time of his arrest, appellant had cocaine in his pants pocket.  Elmore recovered from the back seat of Sheila's car a shoe box that contained twenty-five packages of crack cocaine.  He also found a pager, $24 worth of food stamps, and $412 in cash in the car.

Appellant subsequently told Elmore that he had paid Sheila $10 to drive Tony and him to a mall to get something to eat and pay some bills.  Sheila told Elmore that Tony and appellant gave her $10 to drive them "to meet somebody."  She also told Elmore that Tony and appellant had discussed making a $500 profit.

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'"  Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (citation omitted).  "There can be no conspiracy without an agreement, and the Commonwealth must prove beyond a reasonable doubt that an agreement existed."  Floyd v. Commonwealth, 219 Va.

-

575, 580, 249 S.E.2d 171, 174 (1978) (citation omitted). "Proof of an explicit agreement to distribute a controlled substance is not required; the agreement may be proved by circumstantial evidence. In fact, the nature of conspiracy is such that 'it often may be established only by indirect and circumstantial evidence.'" Brown v. Commonwealth, 10 Va. App. 73, 77, 390 S.E.2d 386, 388 (1990) (citation omitted).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact. See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

The credibility of a witness' testimony and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

When Elmore first approached Tony, Sheila, and appellant to purchase two "eight-balls" of crack cocaine, Tony and appellant pointed to a nearby police car and aborted the drug sale.

-

Appellant paid Sheila $10 to give Tony and him a ride, and he and Tony discussed making a $500 profit.  After police arrested Tony, as Young attempted to stop Sheila's car, appellant pounded on the back seat and yelled "go, go, go" to Sheila.  Upon being apprehended, appellant possessed crack cocaine, and police found twenty-five packets of crack cocaine in a shoebox in the back seat of Sheila's car, where appellant had been sitting.

From this evidence, the trial court could infer beyond a reasonable doubt that appellant and Tony conspired to distribute cocaine to Elmore.  See Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991) ("The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact.").  The trial court's decision was neither plainly wrong, nor without evidence to support it.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.