COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


OMAR RASHAR CARRINGTON
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1909-00-2              JUDGE LARRY G. ELDER
                                         SEPTEMBER 18, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

        Craig S. Cooley for appellant.

        Eugene Murphy, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


        Omar Rashar Carrington (appellant) appeals from his bench

trial convictions for conspiring to distribute cocaine and

possessing cocaine with intent to distribute.  On appeal, he

contends the evidence was insufficient to support his

convictions.  We hold the evidence, viewed in the light most

favorable to the Commonwealth, was sufficient to support

appellant's convictions.  Thus, we affirm.

        Under familiar principles of appellate review, we must

examine the evidence in the light most favorable to the

Commonwealth, granting to its evidence all reasonable inferences

fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

438, 443, 358 S.E.2d 415, 418 (1987). Any element of a crime may be proved by circumstantial evidence, e.g., Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), provided the evidence as a whole "is sufficiently convincing to exclude every reasonable hypothesis except that of guilt," Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

In assessing witness credibility, the fact finder may accept the parts of a witness' testimony it finds believable and reject other parts as implausible. Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (en banc). "The fact that a witness makes inconsistent statements . . . does not render his testimony . . . unworthy of belief. . . . It is firmly imbedded in the law of Virginia that the credibility of a witness who makes inconsistent statements on the stand is a question . . . for the . . . trier of the facts . . . ." Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989). Similarly, "[d]etermining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993).

A.

## CONSPIRACY TO DISTRIBUTE COCAINE

"A conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)). "In order to establish the existence of a conspiracy, as opposed to mere aiding and abetting, the Commonwealth must prove 'the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting.'" Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988) (quoting United States v. Peterson, 524 F.2d 167, 174 (4th Cir. 1975)). "The agreement is the essence of the conspiracy offense," and "'the Commonwealth must prove beyond a reasonable doubt that an agreement existed.'" Id. at 527-28, 375 S.E.2d at 384 (quoting Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978)).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that Sherod Harrison and appellant conspired to distribute cocaine to A.J. Starke, an undercover police detective. When Starke contacted Harrison to purchase "an eight-ball" of cocaine, Harrison did not have enough cocaine in his possession to make such a sale. Harrison had a smaller amount of cocaine in his possession, but he had obtained that

cocaine from appellant and had not yet paid appellant for it. Harrison then spoke to appellant "about whether . . . [he] could get" the eight-ball of cocaine Starke wished to purchase, and appellant said, "[W]e can do that." Thereafter, both appellant and Harrison spoke to Starke on appellant's cellular telephone to confirm their ability to make the sale, to negotiate the price, and to make arrangements to meet to complete the transaction. Harrison testified that he and appellant were "in it together" and that appellant "knew that . . . [appellant was the one who] was going to get the money [from the sale] . . . because [Harrison] didn't have that type of product."

That portions of the testimony of Sherod Harrison, a witness for the Commonwealth, may have conflicted with the testimony of Detective Starke and Antonio Connor, who also were witnesses for the Commonwealth, was not dispositive. The trial court, as the finder of fact, was entitled to conclude Harrison was testifying truthfully and to rely on Harrison's direct testimony regarding his agreement with appellant in convicting appellant of the conspiracy offense.

B.

POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE

"To convict a person of possession of illegal drugs 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'" Castaneda v. Commonwealth, 7

- 4 -

Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting

Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814

(1975)).

> Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes constructive or joint possession of illegal drugs of any duration. Constructive possession of illegal drugs may be proven by "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

Wells v. Commonwealth, 32 Va. 775, 781, 531 S.E.2d 16, 19 (2000)

(quoting Burchette v. Commonwealth, 15 Va. App. 432, 434, 425

S.E.2d 81, 82 (1992) (quoting Drew v. Commonwealth, 230 Va. 471,

473, 338 S.E.2d 844, 845 (1986))).

Here, the evidence established that appellant had at least constructive possession of both the cocaine thrown out of his father's car as the police attempted to stop it and the cocaine subsequently found beneath the seat he occupied at the time of the stop. The evidence, viewed in the light most favorable to the Commonwealth, established that the cocaine thrown out the window belonged to both Harrison and appellant. Harrison had obtained the cocaine from appellant and had not yet paid him for it, and Harrison testified that both he and appellant owned the cocaine. Thus, the evidence established that appellant was

- 5 -

aware of the presence and character of the cocaine thrown from the window and that he possessed it jointly with Harrison.

The evidence also established that appellant constructively possessed the cocaine found beneath the vehicle's seat. Harrison testified that he had seen appellant with cocaine in his possession earlier in the day and that appellant indicated he was able to help Harrison supply Detective Starke with an eight-ball of cocaine. Harrison saw appellant with the cocaine in his pocket and subsequently observed appellant "fiddling with his pockets" when the police attempted to stop their vehicle on the way to meet Starke to make the promised sale of cocaine. Appellant had no drugs on his person at the time of his arrest. After the three were arrested, Connor overheard appellant say "[he] had put some under his seat," and Detectives Starke and Brown found a bag containing cocaine beneath the seat in which appellant had been sitting at the time of the stop. Both Harrison and Connor testified the cocaine found beneath appellant's seat did not belong to them. Thus, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, is that appellant actually and then constructively possessed the 7.242 grams of cocaine found beneath his seat.

The same evidence which established the conspiracy also proved appellant intended to distribute at least a portion of the cocaine. As to the cocaine thrown from the window,

- 6 -

appellant had allowed Harrison to take possession of it but still retained an ownership interest in it and expected to receive payment for it.  Thus, his constructive possession of this smaller bag of cocaine was with an intent to distribute.

In addition, the evidence established that appellant intended to distribute a portion of the larger bag, the one found beneath his seat, to Detective Starke.  Harrison and appellant agreed to sell Detective Starke an eight-ball, or three-and-one-half grams of cocaine, but the cocaine in Harrison's possession amounted to no more than one-and-one-half grams.  Appellant had actual or constructive possession of the larger bag of cocaine as the trio traveled to meet Detective Starke to consummate the sale.  Thus, the only reasonable hypothesis flowing from the evidence of appellant's agreement with Harrison to provide Starke with an eight-ball was that appellant intended to distribute a portion of the larger bag of cocaine, as well.

For these reasons, we hold the evidence was sufficient to support appellant's convictions for conspiracy to distribute cocaine and possession of cocaine with intent to distribute. Therefore, we affirm these convictions.

Affirmed.