COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


TIGEE EUGENE MILES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1771-10-1                        JUDGE LARRY G. ELDER
                                                         SEPTEMBER 20, 2011

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                             Walter J. Ford, Judge

             Robert L. Wegman (The Law Office of Robert L. Wegman, P.L.C.,
             on brief), for appellant.

             Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
             Cuccinelli, II, Attorney General, on brief), for appellee.


        Tigee Eugene Miles (appellant) challenges the sufficiency of the evidence supporting his

convictions for conspiracy to possess cocaine with intent to distribute and possession of cocaine

with intent to distribute.  Specifically, he contends the Commonwealth's evidence proves, at

most, a two-person drug transaction, which is insufficient to establish an agreement to sell

contraband.  Appellant further argues his conviction for possession with intent to distribute

cocaine was based solely on the discredited testimony of the Commonwealth's witnesses.  We

hold (1) the evidence supports a finding that appellant conspired with a third party to distribute

cocaine to the buyer, and (2) the trial court did not err in resolving the inconsistencies in the

witnesses' testimony in favor of the Commonwealth.  Accordingly, we affirm appellant's

convictions.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

When the sufficiency of the evidence is challenged on appeal, we "must discard all evidence of the accused that conflicts with that of the Commonwealth and regard as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). "'The judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.'" Wilkins v. Commonwealth, 18 Va. App. 293, 295, 443 S.E.2d 440, 442 (1994) (en banc) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979)), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). Instead, we ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Prieto v. Commonwealth, 278 Va. 366, 401, 682 S.E.2d 910, 928 (2009) (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)).

A.

CONSPIRACY

Appellant argues the Commonwealth's evidence established, at most, "a two-party drug sale," which "does not constitute a conspiracy to distribute drugs because the transaction lacks the essential element of an agreement between the two parties to commit a subsequent

distribution offense together." In other words, appellant contends the evidence is insufficient to support a finding that appellant entered into an agreement with another individual to distribute cocaine. We disagree.

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)). Without the essential element of an agreement, see Williams v. Commonwealth, 12 Va. App. 912, 915, 407 S.E.2d 319, 321 (1991), "'a defendant may wittingly aid a criminal act and be liable as an aider and abettor, but not be liable for conspiracy[,]'" Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988) (quoting United States v. Bright, 630 F.2d 804, 813 (5th Cir. 1980)). "In order to establish the existence of a conspiracy, as opposed to mere aiding and abetting, the Commonwealth must prove 'the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting.'" Id. (quoting United States v. Peterson, 524 F.2d 167, 174 (4th Cir. 1975)).

"A conspiracy may be proved by circumstantial evidence." Wright, 224 Va. at 505, 297 S.E.2d at 713. "Indeed, from the very nature of the offense, it often may be established only by indirect and circumstantial evidence." Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978). However, when the Commonwealth relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence. Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). "Circumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Id. at 514, 578 S.E.2d at 786 (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)).

In this case, the evidence supports the trial court's finding that appellant and Christina Harrell engaged in a coordinated effort to sell drugs to Bethsheba Smith.[1] Detective Dennis Hammond testified that on October 19, 2009, he observed Smith and Harrell standing in front of Room 101 of a local motel at which the police were conducting a drug and prostitution sting. Smith approached Hammond and asked him "what did [he] need." Smith instructed Hammond to go to Room 111, "and my girl[, referring to Harrell,] will hook you up." Smith further stated Harrell was "out here working for the black guys, and she'll get you anything you need." Hammond asked Smith what Harrell was selling, to which Smith responded, "Just give me $20, and Harrell will hook you up with some crack." Smith further mentioned "something about heroin." These statements support the inference that Smith and Harrell were working together to secure customers to purchase cocaine.

The evidence further connects appellant to this scheme to sell drugs. As Hammond gave Smith a twenty dollar bill, he observed appellant arrive at the motel and follow Harrell into Room 111. Smith followed soon after. Hammond observed no other individuals enter or exit the room. Within a few minutes, Smith exited Room 111 and entered Hammond's vehicle. At that point, Smith showed Hammond the crack cocaine. From this evidence, a fact finder could reasonably infer that Smith assisted Harrell in finding customers willing to purchase cocaine that appellant would supply. This evidence does not suggest a spontaneous plan to sell drugs. Rather, the close timeframe and coordinated efforts of Smith, Harrell, and appellant supported the reasonable inference that Harrell and appellant had a prearranged plan to sell cocaine. See Merritt v. Commonwealth, 57 Va. App. 542, 558-59, 704 S.E.2d 158, 167 (2011) (en banc) (concluding that the defendant's role in a "prearranged transaction" allowed the jury "to infer

---

[1] This was the theory of the case the Commonwealth advanced at trial, arguing appellant's "conspiracy was clearly with Christina Harrell."

that Merritt agreed with his companions to serve as the 'muscle' or 'lookout' in their plan to transport ecstasy into the Commonwealth and possess it with the intent to distribute it").

In addition, Harrell's statements shortly after her arrest belie any suggestion that she was an innocent bystander who was unconnected to the drug transaction. As the police officers arrested Smith, Harrell exited Room 111 and walked toward a nearby restaurant. When the police detained Harrell, Detective Jennifer Walker testified that she appeared "very nervous." Harrell informed the officers that she possessed cocaine inside her bra, which the officers recovered. The officers took Harrell back to Room 111, and when appellant exited the room, Harrell told appellant, "I didn't tell them anything. I told them the stuff was mine and that I had a habit." Harrell's attempt to conceal the arrangement to sell cocaine undermines her testimony that she was merely present during the transaction and did not actually see the cocaine. The evidence shows that appellant and Harrell "'by their acts pursued the same object, one performing one part and the other[] performing another part as to complete'" the sale of crack cocaine to Smith. Charity v. Commonwealth, 49 Va. App. 581, 586, 643 S.E.2d 503, 505 (2007) (quoting Brown v. Commonwealth, 10 Va. App. 73, 78, 390 S.E.2d 386, 388 (1990)).

B.

POSSESSION WITH INTENT TO DISTRIBUTE

An individual violates Code § 18.2-248 when he "possesse[s] the controlled substance contemporaneously with his intention to distribute that substance." Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991). "The crime[] proscribed by Code § 18.2-248 . . . [is] completed when illegal substances are . . . possessed . . . by someone who has the intent to distribute them." Seke v. Commonwealth, 24 Va. App. 318, 322, 482 S.E.2d 88, 90 (1997).

Appellant contends the evidence is insufficient to support his conviction for possession of cocaine with intent to distribute because the trial court discredited the testimony used to establish

the transaction. This argument rests primarily on appellant's assertion that because the trial court rejected portions of the testimony of Harrell and Smith, it must necessarily have rejected the entirety of their testimony. However, "[i]n assessing witness credibility, the fact finder may accept the parts of a witness' testimony it finds believable and reject other parts as implausible." Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (en banc). The conclusions of the fact finder on issues of witness credibility "may only be disturbed on appeal if this Court finds that [the witness'] . . . testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (quoting Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984)).

After detaining Harrell, the officers obtained her consent to search Room 111 and recovered several plastic bag corners containing crack cocaine. Simultaneously with Harrell's detention, the police detained appellant in Room 111. Pursuant to a consensual search of appellant's person, the officers recovered "a big wad of money" and a twenty dollar bill that was separate from the rest of the bills in appellant's pocket. The twenty dollar bill matched the serial number of one of the bills Hammond had received as part of the operation. Appellant told the officers the twenty dollar bill was not his and that he found it on the motel bed.

At appellant's trial, Harrell testified that she was in a relationship with appellant on October 9, 2009. She testified that Smith came to her room (Room 111) and entered directly behind appellant. Harrell claimed that, from her vantage point, she could not tell whether appellant actually gave Smith drugs, but she confirmed that he took a twenty dollar bill from Smith. Smith testified she was employed as a housekeeper at the motel. She confirmed that Hammond gave her twenty dollars to purchase cocaine. Smith testified that she entered Room

111 after Harrell and appellant and gave appellant the money. Smith testified that appellant gave her the cocaine in return.

In assessing the credibility of the witnesses, the trial court noted "there's a conflict in [some of] the testimony . . . in the matter," referring to the testimony of Smith and Harrell, but "resolve[d] the conflict in favor of the police officers and their testimony." Notwithstanding the discredited portions of Harrell's and Smith's testimony, the evidence establishes Smith gave appellant the twenty dollar bill she had received from Detective Hammond. In return, appellant gave Smith the crack cocaine she intended to transmit to Hammond. When the police searched appellant's person, they recovered the twenty dollar bill Hammond had given to Smith. Detective Jason Banks, who photocopied and memorized the bill's serial number in order to track it, confirmed this was the same twenty dollar bill Hammond had possessed. Smith's testimony, corroborated in part by Detective Banks' testimony, provides direct evidence of appellant's possession of the cocaine and his intent to distribute it to Smith and, by extension, to Hammond. The trial court was entitled to accept as true this incriminating evidence and yet still find the remainder of Harrell's and Smith's testimony unbelievable. Accordingly, the evidence is sufficient to support appellant's conviction for possession of cocaine with intent to distribute.

II.

The evidence is sufficient to support the conclusion that appellant and Harrell had an agreement to distribute crack cocaine to Smith and thus establishes the essential element of an agreement needed to support a conviction for conspiracy. In addition, Smith's testimony supports appellant's conviction for possession of cocaine with intent to distribute. For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>