COURT OF APPEALS OF VIRGINIA

Present:  Judges Russell, Athey and Senior Judge Frank
Argued at Hampton, Virginia

UNPUBLISHED

DAVON RASHAD LEWIS

MEMORANDUM OPINION* BY
v.      Record No. 0803-21-1      JUDGE WESLEY G. RUSSELL, JR.
                                  MARCH 15, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Bryant L. Sugg, Judge

Charles E. Haden for appellant.

Mason D. Williams, Assistant Attorney General (Mark R. Herring,[1]
Attorney General; Robert H. Anderson, III, Senior Assistant
Attorney General, on brief), for appellee.


Davon Rashad Lewis appeals his convictions of petit larceny, burglary, and conspiracy to

commit burglary.  He asserts that the trial court erred by denying his motions to strike.  Lewis

contends that the Commonwealth failed to establish that he stole the property or that the stolen

property was worth at least $500 and that the evidence was insufficient to prove he committed

burglary or conspired to commit burglary.  For the following reasons, we disagree and affirm the

convictions.

BACKGROUND

On appeal, "we review the evidence in the light most favorable to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (*en banc*).  That principle requires us to

"discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (*en banc*) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On October 28, 2019, the victim resided in the City of Newport News. At around 1:00 p.m. that day, the victim's home security service notified him that his home security camera was disconnected. The victim reviewed prior security footage on his phone and saw that two people had entered his home and had gone upstairs. The two men were unknown to the victim and did not have permission to be inside or take property from the residence. When the two men returned downstairs, they were holding the victim's property. The victim called the police, and after police examined his residence, the victim returned home. He observed that his back door and bedroom doors were kicked in. The victim determined that his home security camera was missing as well as an iPhone SE and a Samsung Galaxy S10.

Detective S.L. Sturgis went to the victim's home to investigate the burglary. Sturgis reviewed the video footage from the victim's security camera and identified Lewis and Kadory Dixon as the two men in the recording. Sturgis noted that Lewis was wearing a white shirt, a gray jacket, and purple gloves. In addition, officers collected fingerprints and DNA samples from the residence. Analysis of DNA recovered from the exterior handle of the rear door of the apartment showed that Lewis could not be eliminated as a major contributor.

About an hour after the burglary, police received a separate report that suspicious males were harassing residents at a Newport News apartment complex. Police determined that the description of the two individuals at the apartment complex matched the two individuals seen in the footage from the victim's security camera. Officers detained the two men, who ultimately proved to be Lewis and Dixon. When apprehended, Lewis possessed purple gloves. The officers did not find the stolen phones or camera in the possession of either Lewis or Dixon.

At the conclusion of the Commonwealth's evidence, Lewis moved to strike the charges for possession of burglarious tools, grand larceny, and conspiracy to commit burglary. Lewis did not move to strike the burglary charge.[2] The trial court granted Lewis' motion to strike the charge for possession of burglarious tools and partially granted the motion to strike the grand larceny charge, reducing the charge to petit larceny. The trial court denied the motion to strike the charge for conspiracy to commit burglary. Lewis elected not to present evidence, but in closing, renewed his motion to strike. The trial court denied the motion and convicted Lewis of petit larceny, burglary, and conspiracy to commit burglary. This appeal followed.

ANALYSIS

A. Standard of Review

Lewis asserts that the "trial court erred in denying [his] motion to strike the charges of grand larceny, burglary, and conspiracy to commit burglary[.]" In challenging the trial court's denial of his motion to strike, Lewis' appeal raises the question of whether the evidence adduced sufficiently presented "a *prima facie* case for consideration by the" factfinder. *Vay v. Commonwealth*, 67 Va. App. 236, 249 (2017) (quoting *Hawkins v. Commonwealth*, 64 Va. App. 650, 657 (2015)).

Our consideration of that question involves determinations regarding both the elements of the offenses and whether there was sufficient evidence regarding each element so identified. The identity of the necessary elements presents a question of law subject to *de novo* review. *Lawlor v. Commonwealth*, 285 Va. 187, 223 (2013). "Whether the evidence adduced is sufficient to prove each of those elements is a factual finding, which will not be set aside on appeal unless it is plainly wrong." *Vay*, 67 Va. App. at 249 (quoting *Linnon v. Commonwealth*, 287 Va. 92, 98

_____

[2] At trial, Lewis did not simply fail to move to strike the burglary charge. Rather, his counsel affirmatively acknowledged that he was not making such a motion, stating that he was "not making an argument on the burglary charge."

(2014)). In determining whether sufficient evidence was adduced, "we consider the evidence in the light most favorable to the Commonwealth and give it the benefit of all reasonable inferences fairly deducible therefrom." *Lawlor*, 285 Va. at 224.

Accordingly, we examine the trial court's factual findings "with the highest degree of appellate deference." *Thomas v. Commonwealth*, 48 Va. App. 605, 608 (2006). We do not ask "whether [we] believe[] that the evidence at the trial established guilt beyond a reasonable doubt[,]" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)), but rather, we ask only "whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[,]'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, '[we are] not permitted to substitute its own judgment, even if [our] opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

## B. Larceny

Lewis asserts that the trial court erred by denying his motion to strike the "grand larceny" charge for two reasons. He asserts that the evidence did not establish that he took the stolen items and argues that the evidence failed to establish that the items stolen were worth $500 or more, which was the threshold for grand larceny at the pertinent time.

Before addressing Lewis' appellate argument regarding whether the evidence was sufficient to establish his identity as the thief, we note a significant defect in his assignment of error. His assertion that the "trial court erred in denying [his] motion to strike the charge[] of grand larceny" is based on a false premise. The trial court, finding that the evidence was insufficient to meet the statutory threshold for grand larceny, *granted* the motion to strike the grand larceny charge,

- 4 -

reducing the charge to petit larceny. Accordingly, on its face, Lewis' assignment of error challenges a ruling the trial court did not make, and his arguments regarding the value of the items stolen address an issue not pertinent to this appeal.

Turning to Lewis' argument regarding his identity as the thief, the evidence was more than sufficient to support the trial court's conclusion that Lewis committed larceny. It is undisputed that Lewis did not have permission to enter the apartment or to remove items from the apartment. Video footage depicts Lewis and Dixon entering the apartment and leaving with items taken from the apartment. That Lewis is the person depicted in the video is corroborated by both his DNA being found at the apartment and by the fact that, when apprehended, he possessed purple gloves matching those seen on the video. All of this evidence provided more than a sufficient basis for the trial court's conclusion that Lewis committed larceny, and therefore, the trial court did not err in convicting Lewis of petit larceny.

## C. Burglary

Lewis next asserts that the trial court erred in "denying [his] motion to strike the charge[] of . . . burglary[.]" The record makes clear, however, that Lewis never moved to strike the burglary charge. Thus, by definition, the trial court could not have erred in the manner alleged.

Lewis' failure to move to strike the burglary charge is fatal to his argument regarding that charge on appeal: "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). Here, not only did Lewis not move to strike the burglary charge, his counsel acknowledged that the Commonwealth's evidence established a *prima facie* case, stating

"I'm not making an argument on the burglary charge. I think the evidence is what it is in the light most favorable to the Commonwealth on that."

Clearly, the trial court did not err in failing to grant a motion that Lewis never made and that he conceded in the trial court would not have been well-founded if he had made it. Accordingly, the trial court did not err in convicting Lewis of burglary.

### D. Conspiracy to Commit Burglary

Lewis argues that the Commonwealth failed to prove that he conspired to commit burglary. Specifically, he asserts that "the Commonwealth's evidence failed to exclude the reasonable hypothesis that there had [been] no agreement or conspiracy to commit burglary, the burglary being an impulsive and spontaneous action of just one person."

"The Supreme Court has defined conspiracy as 'an agreement between two or more persons by some concerted action to commit an offense.'" *Carr v. Commonwealth*, 69 Va. App. 106, 117 (2018) (quoting *Wright v. Commonwealth*, 224 Va. 502, 505 (1982)). In order to prove conspiracy, the Commonwealth must show "'knowledge of and voluntary participation in' the agreement to carry out the criminal act." *Id.* (quoting *Zuniga v. Commonwealth*, 7 Va. App. 523, 527 (1988)). "The Commonwealth [is] not required to show a specific conversation among the men establishing the conspiracy." *Id.* at 119. Indeed, "[a] conspiratorial agreement 'often may only be established by circumstantial and indirect evidence including the overt actions of the parties.'" *Johnson v. Commonwealth*, 58 Va. App. 625, 636 (2011) (quoting *Jones v. Commonwealth*, 279 Va. 295, 301 (2010)). Circumstantial evidence "is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Sarka v. Commonwealth*, 73 Va. App. 56, 67 (2021) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)).

The mere fact that "[a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (alterations in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). "By finding [a] defendant guilty, therefore, the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *Id.* (alteration in original) (quoting *Haskins*, 44 Va. App. at 9). "While a factfinder may not arbitrarily disregard a reasonable doubt, whether 'the hypothesis of innocence is reasonable is itself a "question of fact," subject to deferential appellate review.'" *Burton v. Commonwealth*, 58 Va. App. 274, 285-86 (2011) (quoting *Clanton*, 53 Va. App. at 572-73).

In response to Lewis' argument at trial that the burglary may have occurred spontaneously without prior agreement between the parties, the trial court reasoned that "it's a little bit more than two people showing up at the same place . . . ." The trial court reviewed the video and concluded that the video, "showed two people going in a house. It show[ed] two people going up and down the stairs, two people that the [c]ourt saw conferring with the items in their hands . . . ." "[A]t least from everything the [c]ourt could determine, there wasn't anything in the video that would indicate that that was just two people who stumbled upon each other inside the victim's apartment."

The evidence was sufficient to support a finding that Lewis and Dixon agreed, in advance, to break and enter into the victim's residence. In support of proving this mutual goal, the video depicts the two men in close proximity to each other, entering the living room together, and following one another up and down the stairs. Notably, the two men were still together an hour after the burglary. The trial court permissibly concluded from these circumstances that Lewis and Dixon had agreed to commit the burglary. The trial court considered Lewis' proposed hypothesis of innocence and reasonably rejected it. "The rejection of a hypothesis of innocence 'is

binding on appeal unless plainly wrong . . . .'" *Ervin v. Commonwealth*, 57 Va. App. 495, 519 (2011) (*en banc*) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12-13 (1997)).  Considering the totality of the evidence, the trial court did not err in convicting Lewis of conspiracy to commit burglary.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*