COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


KERRI C. CHARITY

                                                              OPINION BY
v.        Record No. 2402-05-2                    JUDGE RANDOLPH A. BEALES
                                                            APRIL 24, 2007

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF SUSSEX COUNTY
                          Samuel E. Campbell, Judge

            Alvin A. Lockerman, Jr. (Outten, Barrett & Whitby, P.C., on brief),
            for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        A jury convicted Kerri C. Charity (appellant) of carjacking, assault of a police officer,

attempted escape, and conspiracy to commit escape from prison.  We granted this appeal on the

sole issue of whether sufficient evidence exists to find him guilty of the charge of conspiracy to

commit escape from prison.  So finding, we affirm appellant's conviction.

                                    STANDARD OF REVIEW

        "On appeal, we examine the evidence in the light most favorable to the Commonwealth.

That principle requires us to discard the evidence of the accused in conflict with that of the

Commonwealth and to regard as true all the credible evidence favorable to the Commonwealth

and all fair inferences that may be drawn therefrom."  Guda v. Commonwealth, 42 Va. App. 453,

455, 592 S.E.2d 748, 749 (2004) (citation omitted).

BACKGROUND

On May 25, 2004, appellant and three other inmates of the Sussex II State Prison were working yard maintenance within the prison grounds. Officer Silas Cain supervised the inmates on that day. According to Cain, after the inmates finished working and as they were being escorted back to the enterprise area, appellant and another inmate began running toward a tractor-trailer that had recently arrived to pick up supplies. Appellant pushed the truck driver, who was working near the rear of the truck, to the ground and jumped into the driver's seat alongside the other inmate, who had already jumped in and moved over to the passenger seat. As Cain explained, appellant attempted to "take off with the truck. . . . You could hear the motor and the gears scraping, and he was trying to, you know, mash on the gas, get the truck moving, but he couldn't."

Cain radioed for assistance. Accompanied by two other officers, Cain ran to the truck and noticed that "somehow the truck had shut down, and the [driver's side] door opened." As Cain and the other officers started to pull on the door, appellant "acted like he was getting ready to come down, and then he didn't." Appellant kicked one of the other officers in the chin and then pulled the door back shut. Cain and the other officers pulled on the door from the outside while appellant and the other inmate worked together to keep it pulled shut from the inside. Cain could see appellant and the other inmate working together to try and keep the door closed. With the assistance of additional arriving officers, Cain and the others "eventually got the two inmates out and got them restrained." Cain estimated the above situation took place over the course of two to three minutes.

Douglas Kane, the driver of the tractor-trailer truck, had been routinely delivering and picking up plastic at the prison for almost a year. He explained, "what I do is I go in, drop my load in. There's another trailer sitting there. I pick it up and I go back with it." After arriving at

the prison on the morning of May 25, Kane "dropped [his] trailer" and left his truck unlocked and running while he hooked into another trailer. As he began to wind his "landing gear" up, something knocked him to the ground. Kane rolled over and saw appellant and another inmate running toward the truck cab. He got up and chased after the two men. Upon reaching the truck, Kane opened the driver's side door with his spare key, but appellant and the other inmate pulled it back shut. According to Kane, "Eventually more officers came and they opened the door and got them out."

Appellant moved to strike, *inter alia*, the conspiracy charge by arguing that there was no evidence of an agreement, specifically no evidence of a conversation, between himself and the other inmate. The trial court denied the motion, noting "all this is done within the confines and with the – through the efforts of two people and not just by the one act. So they both are acting together, and the Court will grant that there was no conversation. But they certainly were acting together to make all acts happen." A jury subsequently convicted appellant of carjacking, assault of a police officer, attempted escape from prison, and conspiracy. This appeal followed.

ANALYSIS

Generally speaking, "When a case, civil or criminal, is tried by a jury . . . the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680. When considering the sufficiency of the evidence on appeal, "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc)* (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "'If there is evidence to support the conviction,' we will not substitute our judgment for that of the trier of fact, even were our opinion to differ." Wactor v.

- 3 -

Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (quoting Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998)).

In this appeal, appellant contends the evidence is not sufficient to prove a conspiracy. "Conspiracy requires a shared intent and joint action, whereas attempt does not. 'Conspiracy requires . . . (1) an agreement between two or more persons, which constitutes the act; and (2) an intent thereby to achieve a certain objective[,] either an unlawful act or a lawful act by unlawful means.'" Hix v. Commonwealth, 270 Va. 335, 347, 619 S.E.2d 80, 87 (2005) (quoting Wayne R. LaFave, Criminal Law § 12.2, at 621 (4th ed. 2003)). As the Virginia Supreme Court explained in Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000), "the crime of conspiracy is complete when the parties agree to commit an offense. . . . No overt act in furtherance of the underlying crime is necessary." (Citation omitted.) A conspiracy "may be proved by circumstantial evidence. Indeed, because of the very nature of the offense, 'it often may be established only by indirect and circumstantial evidence.'" Id. (quoting Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978)). In addition, as this Court has held, when "it has been shown that the defendants 'by their acts pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the jury will be justified in concluding that they were engaged in a conspiracy to effect that object.'" Brown v. Commonwealth, 10 Va. App. 73, 78, 390 S.E.2d 386, 388 (1990) (quoting Amato v. Commonwealth, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987)).

The underlying crime that appellant allegedly conspired to commit is an escape from a correctional facility in violation of Code § 53.1-203. That code section states, "It shall be unlawful for a prisoner in a state, local or community correctional facility or in the custody of an employee thereof to: 1. Escape from a correctional facility or from any person in charge of such prisoner . . . ." Therefore, in order to prove that a conspiracy existed in this case, the evidence

must show that appellant formed an agreement and possessed the requisite intent to escape from the correctional facility in violation of Code § 53.1-203.

Here, appellant and the other inmate began running toward the truck, which *routinely* delivered and picked up loads at the prison on most days, at or around the same time. Appellant shoved the truck driver aside and to the ground and climbed into the driver's seat. The other inmate had already climbed into the truck and had slid over to the passenger seat, which allowed appellant the opportunity to get in the driver's seat of the truck and attempt to drive the truck away. The two inmates worked together while trying to keep the truck driver and officers from opening the driver's side door of the truck. These facts demonstrate that the two men specifically focused their combined efforts on reaching and attempting to drive away in the truck, which was crucial to the success of their attempted escape.

We hold that sufficient evidence exists to find, as the trial court noted in denying the motion to strike, that the actions described above were undertaken by the efforts of two men acting together to attain the ultimate goal of escaping from prison. The fact that there is no evidence of an actual conversation between appellant and the other inmate is not dispositive; as noted above, a conspiracy may be inferred by actions alone. Therefore, the jury, acting as a rational trier of fact, could reasonably conclude that there was an agreement between appellant and the other inmate to attempt an escape and that both men, as illustrated by their actions, intended to attain that objective.

CONCLUSION

For the foregoing reasons, we affirm appellant's conviction of conspiracy.

Affirmed.

- 5 -