COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Alston and Senior Judge Bumgardner
Argued by teleconference


MYRON LEWIS

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 1532-11-1                    JUDGE ROSSIE D. ALSTON, JR.
                                                       NOVEMBER 27, 2012

COMMONWEALTH OF VIRINGIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


     Myron Lewis (appellant) appeals his conviction for conspiracy to commit robbery.  On

appeal, appellant argues that the trial court erred in denying his motion to strike and in

convicting him of conspiracy to commit robbery because there was no evidence establishing the

existence of an agreement between him and the other robbers.  For the reasons that follow, we

affirm the judgment of the trial court.

I.  BACKGROUND[1]

     "When a defendant challenges the sufficiency of the evidence on appeal, the evidence is

viewed in the light most favorable to the Commonwealth."  Murillo-Rodriguez v.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of the disposition of this
appeal.

<u>Commonwealth</u>, 279 Va. 64, 68, 688 S.E.2d 199, 201 (2010) (citing <u>Jones v. Commonwealth</u>, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009)).

When so viewed, the evidence presented at trial in this case established that on the evening of November 11, 2010, appellant was sitting on the steps of a building near Norfolk State University with Derrick Fluellen and a third, unidentified man. Aaron Crouse (the victim) approached the three men, made small talk with them, and asked to borrow Fluellen's lighter. After the victim lit his cigar and gave the lighter back to Fluellen, he turned to leave. As the victim turned, Fluellen asked the victim if he could make change for a twenty-dollar bill. The victim took out his wallet, looked inside, and told Fluellen that he could not make change.

Before the victim could put the wallet back into his pocket, all three men stood up at approximately the same time and surrounded the victim, standing several inches to a foot apart from him. Appellant stood on the victim's left, Fluellen stood on the victim's right, and the unidentified third man stood directly in front of the victim. According to the victim, all three men, including appellant, stated that they were robbing him. Additionally, the victim believed that appellant was armed because appellant kept his hand in his pants as if it "was on something."

The victim felt threatened and worried that the men might shoot him, so he handed his iPod, headphones, and the money from his wallet to the unidentified man, who was standing in front of him. In total, he gave them between $90 and $100 in cash. After handing over these items, the victim walked away from the men and ignored their demands to hand over his wallet. The entire interaction lasted between thirty-five and forty-five seconds.

The victim reported the robbery to a campus police officer several minutes after the robbery took place. While the police officer was giving the victim a ride to the police station to file a report, the victim spotted the men who had robbed him walking along the sidewalk outside

of campus. The police officer flashed her lights to attract the men's attention. The men split up and ran away, but appellant and Fluellen were apprehended by the police. An officer discovered a knife with a three-inch blade on appellant.

Appellant was indicted on December 15, 2010, for robbery in violation of Code § 18.2-58, conspiracy to commit robbery in violation of Code § 18.2-22, and carrying a concealed weapon in violation of Code § 18.2-308(A). Appellant and Fluellen were jointly tried in a bench trial on April 11, 2011. At trial, the victim testified to the events of the robbery as described above. Two officers for the Norfolk State University Police also testified. At the conclusion of the Commonwealth's case-in-chief, appellant moved to strike all three charges against him. Regarding the robbery and conspiracy charges, appellant argued that the evidence did not show that appellant was one of the men who robbed the victim, "nor was there any agreement to do so." The trial court granted appellant's motion to strike the concealed weapon charge but denied appellant's motions to strike the other two charges. Appellant presented no evidence and renewed his motion to strike the charges of robbery and conspiracy to commit robbery. The trial court denied the motion and found appellant guilty of robbery and conspiracy to commit robbery.[2]

On August 9, 2011, the trial court sentenced appellant to ten years' imprisonment for robbery and five years' imprisonment for conspiracy to commit robbery, with five years of each sentence suspended. This appeal followed.

---

[2] Appellant does not challenge his conviction for robbery in the instant appeal.

## II. ANALYSIS

The Court must affirm the judgment of the trial court unless that judgment is "'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680).

On appeal, appellant alleges that the evidence was insufficient to establish the existence of an agreement and therefore to support his conviction for conspiracy. "A conspiracy is an agreement between two or more persons by some concerted action to commit an offense." Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000). "There can be no conspiracy without an agreement, and the Commonwealth must prove beyond a reasonable doubt that an agreement existed." Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978) (citation omitted).

To prove an agreement, the Commonwealth need not show an "explicit agreement," and "the Commonwealth may, and frequently must, rely on circumstantial evidence to establish the conspiracy." Combs v. Commonwealth, 30 Va. App. 778, 787, 520 S.E.2d 388, 392 (1999). "'[A] common purpose and plan may be inferred from a development and collocation of circumstances.'" Amato v. Commonwealth, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987) (quoting United States v. Godel, 361 F.2d 21, 23 (4th Cir. 1966)).

> As often as not, conspirators play different roles in the criminal plan. Thus, when "it has been shown that the defendants 'by their acts *pursued the same object*, one performing *one part* and the others performing *another part* so as to complete it or with a view to its attainment, the [factfinder] will be justified in concluding that they were engaged in a conspiracy to effect that object.'"

James v. Commonwealth, 53 Va. App. 671, 678, 674 S.E.2d 571, 575 (2009) (alteration in original) (quoting Charity v. Commonwealth, 49 Va. App. 581, 586, 643 S.E.2d 503, 505 (2007)).

- 4 -

We find that the evidence was sufficient in this case to prove that appellant, Fluellen, and the third, unidentified man entered into an agreement to rob the victim. Viewed in the light most favorable to the Commonwealth, the evidence showed that after the victim lit his cigar, one of the perpetrators asked the victim if he had change for $20. After the victim opened his wallet, exposing its contents, appellant, Fluellen, and the third man stood up simultaneously or very close to simultaneously. Acting in concert, appellant, Fluellen, and the third man surrounded the victim and announced their intention to rob him. Without speaking to one another at that time, appellant, Fluellen, and the third man took various coordinated positions around the victim to block his movement and prevent his escape. The victim observed appellant acting in a manner that suggested he had a weapon, further intimidating and restraining the victim and thereby contributing to the robbery. All three of the men left the scene of the crime together but ran in separate directions when pursued by the police.

Appellant argues that the evidence shows merely that he aided and abetted in the robbery. We disagree. The evidence showed that "'by their acts,'" appellant, Fluellen, and the third man "'pursued the same object, one performing one part and the other performing another part so as to complete it or with a view to its attainment.'" Id. (emphasis omitted) (quoting Charity, 49 Va. App. at 586, 643 S.E.2d at 505). The evidence was therefore sufficient to show appellant's participation in an agreement, with "'the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting.'" Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988) (quoting United States v. Peterson, 524 F.2d 167, 174 (4th Cir. 1975)).

As a result, we hold that the evidence was sufficient to prove that appellant participated in a conspiracy to commit robbery and did not merely aid and abet the robbery. Therefore, the

trial court did not err in denying appellant's motion to strike and convicting him of conspiracy to commit robbery.

Affirmed.