COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Russell and AtLee
Argued at Richmond, Virginia

DERRICK ALEXIS WILLIAMS

                                           MEMORANDUM OPINION[*] BY
v.      Record No. 0080-16-2          CHIEF JUDGE GLEN A. HUFF
                                             DECEMBER 20, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Nathan C. Lee, Judge

Matthew C. Stewart for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Derrick Alexis Williams ("appellant") appeals his convictions of possession of cocaine

with the intent to distribute, in violation of Code § 18.2-248, and conspiracy to possess cocaine

with the intent to distribute, in violation of Code § 18.2-256. Following a bench trial in the

Circuit Court of Prince George County ("trial court"), appellant was sentenced to forty years in

prison on the possession charge, with thirty-eight years and six months suspended, and ten years

on the conspiracy charge, with ten years suspended. On appeal, appellant contends that the trial

court erred in two ways:

1. The trial court erred in finding the appellant guilty of
   possession of cocaine with the intent to distribute because the
   evidence at trial did not show the appellant possessed the
   cocaine.

2. The trial court erred in finding the appellant guilty of
   conspiracy to possess cocaine with the intent to distribute
   because the Commonwealth failed to introduce any evidence to
   support a guilty finding.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

For the following reasons, this Court affirms appellant's possession conviction but reverses appellant's conspiracy conviction.

## I. BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence presented during the trial is as follows.

On May 3, 2014, Officer Shane Richardson ("Richardson") of the Prince George County Police Department was on patrol when he observed a Dodge Charger weaving through lanes of traffic at approximately 1:20 a.m. Richardson stopped the vehicle and found DeJaun Roy ("Roy") in the driver seat, Brando Carter ("Carter") in the front passenger seat, and appellant in the rear passenger seat, seated behind Carter. When Richardson asked Roy for his identification and vehicle registration, Roy responded that his driver's license was suspended. He further advised that the vehicle was rented by the mother of his child and that neither he nor any of the other passengers were authorized to operate the vehicle under the rental agreement.

Because Roy appeared to be intoxicated, Richardson had him perform field sobriety tests. He then arrested Roy for driving under the influence and for driving while his license was suspended. Richardson next asked Carter and appellant to step out of the vehicle so he "could inventory it for tow." Once they exited the vehicle, Richardson asked each for consent to search their persons, which Carter and appellant granted. Although nothing was recovered from Carter, Richardson did find "two large stacks of cash, U.S. currency, divided by denomination, in each of [appellant's] left and right front pockets." In total, Richardson found $3,792 on appellant's

person, which was divided and folded by denomination. When asked about the money, appellant responded that he had found it inside of the vehicle.

After searching appellant and Carter, Richardson had them stand by his patrol car, under the observation of two other officers, while he searched the vehicle. Richardson did not see anything unlawful upon entering the vehicle, but when he opened the glove compartment he found a semiautomatic handgun and a bag that contained four smaller bags of cocaine. Richardson asked Carter and appellant about the items he found in the glovebox. Based on Carter's response,[1] Richardson placed him under arrest for possession of the firearm and cocaine. Appellant was arrested at a later date. During the trial, Special Agent Jeff Perry of the Virginia State Police qualified as an expert in drug distribution and testified that the packaging of the 20.54 grams of cocaine found in the vehicle was inconsistent with personal use considering "the amounts, the bagging, [and] the packaging."

Richardson also seized the cash recovered from appellant. Appellant asked Richardson, "What if I told you it was mine?" Richardson told appellant that he would have to prove where he obtained the money and asked him if he had a job. Appellant replied that he did not have a job but that his girlfriend had given him the money. During trial, Joslin Foster testified on appellant's behalf and stated that she had received $29,101.87 as a settlement in a car accident case in January of 2014 and that in May she had given appellant $4,000 to watch her children and take care of her car and home while she went out of town for work for six weeks.

After Richardson completed his inventory search, the lessee of the vehicle arrived at the scene and Richardson permitted that individual to drive the vehicle away.

---

[1] Richardson was prevented from testifying to Carter's exact statement by an objection that the trial court sustained.

Appellant, along with Carter and Roy, made motions and renewed motions to strike the possession and conspiracy charges. Specific to the conspiracy charge, the defendants argued that there was no evidence of any agreement among them. On the possession charge, the defendants argued that there was no evidence of dominion or control or knowledge of the presence of the cocaine that Richardson found in the glove compartment. Further, counsel argued there was no evidence of how long any of the defendants were in the car, the contents of the glove compartment were found in a vehicle that was rented to another person, and the glove compartment may have been locked. Moreover, there was no residue found on the defendants, nor a scent, nor anything similar from which to infer their involvement with the drugs in the glove compartment.

The Commonwealth responded by citing Dodd v. Commonwealth, 50 Va. App. 301, 649 S.E.2d 222 (2007), for the proposition that "a passenger . . . will often be engaged in common enterprise with the driver and have the same interest in concealing the fruits of evidence of their wrongdoing." This Court in Dodd, however, was reviewing a trial court's motion to suppress ruling to determine whether the officers had *probable cause* to arrest, a more lenient standard than proof beyond a reasonable doubt. See 50 Va. App. at 312, 649 S.E.2d at 227 (recognizing that "common enterprise" is a factor to consider in determining whether there is *probable cause* for an arrest). Additionally, the Commonwealth pointed to appellant's inconsistent statements concerning the money as a circumstance to consider against all three defendants as further evidence of their possession and conspiracy.

The trial court denied the motions to strike and the renewed motions to strike and found all three defendants guilty of possession and conspiracy to possess. First, the trial court found that it was reasonable to infer that the glove compartment was unlocked. Then, in reviewing the circumstances—that the defendants were stopped around 1:30 a.m., they were in a rental car,

appellant had a lot of money on his person, the cocaine was packaged for distribution, and there was a gun next to the drugs—the trial court found that each had dominion, control, and knowledge of the cocaine, that Carter had possession of the handgun, and that all three were conspiring to distribute the cocaine. The trial court stated,

> When I look at the totality of it and the circumstances, I do find that they—that each of them knew the drugs were in the car. And the conspiracy in my mind, as I said, they're each playing an element. And one is the driver, one holding the cash, one in control of the drugs and the gun.

Appellant was convicted, along with Roy and Carter, and this appeal followed.

## II. STANDARD OF REVIEW

"In reviewing a challenge to the sufficiency of evidence to sustain a conviction, we are guided by well established principles." Scruggs v. Commonwealth, 19 Va. App. 58, 60, 448 S.E.2d 663, 664 (1994). "The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680; Jackson v. Commonwealth, 267 Va. 178, 204, 590 S.E.2d 520, 535 (2004)). "A conviction based on circumstantial evidence may be sustained only if the evidence, when taken as a whole, excludes every reasonable hypothesis of innocence. Thus, the evidence must be wholly consistent with guilt and wholly inconsistent with innocence." Scruggs, 19 Va. App. at 61, 448 S.E.2d at 664.

## III. ANALYSIS

On appeal, appellant contends that the trial court erred in finding sufficient evidence that he possessed the cocaine or that he conspired to possess and distribute the cocaine with the other occupants in the vehicle. Each assignment of error is analyzed in turn.

A.  Possession

"[I]t shall be unlawful for any person to manufacture, sell, give, distribute, or possess

with intent to manufacture, sell, give or distribute a controlled substance or an imitation

controlled substance."  Code § 18.2-248(A).

> To establish possession of a controlled substance, it generally is
> necessary to show that the defendant was aware of the presence
> and character of the particular substance and was intentionally and
> consciously in possession of it.  Physical possession giving the
> defendant "immediate and exclusive" control is sufficient.
> However, the possession need not always be exclusive.  The
> defendant may share it with one or more.  The duration of the
> possession is immaterial and need not always be shown to have
> been actual possession.  The defendant may be shown to have
> constructive possession by establishing that the controlled
> substance involved was subject to his dominion or control.

Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974).  "Constructive

possession may be established by 'evidence of acts, statements, or conduct of the accused or

other facts or circumstances *which tend to show that the defendant was aware* of both the

presence and the character of the substance and that it was subject to his dominion and control.'"

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (emphasis

added) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

> Ownership or occupancy of a vehicle or of premises where illicit
> drugs are found is a circumstance that may be considered together
> with other evidence tending to prove that the owner or occupant
> exercised dominion and control over items in the vehicle or on the
> premises in order to prove that the owner or occupant
> constructively possessed the contraband; however, ownership or
> occupancy alone is insufficient to prove knowing possession of
> drugs located on the premises or in a vehicle.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citing Code

§ 18.2-250).

> [I]n order for ownership or occupancy of property or of a vehicle
> to be sufficient to support the inference that the owner or occupant

> also possessed contraband that was located on the property or in the vehicle, the owner or occupant must be shown to have exercised dominion and control over the premises and to have known of the presence, nature, and character of the contraband at the time of such ownership or occupancy.

Id. at 435, 425 S.E.2d at 83-84.

In addition to occupancy, "possession of currency by a defendant may be considered in determining whether he or she possessed drugs with an intent to distribute." White v. Commonwealth, 24 Va. App. 446, 453, 482 S.E.2d 876, 879 (1997) (finding that the possession of large amounts of cash and a beeper would support both a finding of possession of the substance and an intent to distribute the substance). Moreover, "[a] defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991).

In this case, this Court finds that the evidence was sufficient to allow the fact finder to conclude that appellant possessed the cocaine found in the glove compartment. In addition to proximity, appellant's inconsistent statements tended to prove his "knowledge of the presence, nature, and character" of the cocaine. Burchette, 15 Va. App. at 435, 425 S.E.2d at 83-84. Appellant's false statement to Richardson regarding the origin of the money was evidence from which the fact finder could infer that appellant was "trying to conceal his guilt, and thus [was] evidence of his guilt." See Rollston, 11 Va. App. at 548, 399 S.E.2d at 831. This false statement coupled with appellant's proximity to the cocaine and his possession of a large amount of currency folded by denominations was sufficient evidence for a reasonable fact finder to conclude appellant was aware of the presence of the cocaine and exercised dominion and control over it. Therefore, this Court affirms appellant's conviction of possession with the intent to distribute.

B. Conspiracy

To prove conspiracy, however, "the Commonwealth had to prove beyond a reasonable doubt that an agreement existed between the . . . men by some concerted action to distribute the drugs." Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 48 (1991) (quoting Reed v. Commonwealth, 213 Va. 593, 594, 194 S.E.2d 746, 746 (1973)).

> Because most conspiracies are "clandestine in nature," 2 Wayne R. LaFave, Substantive Criminal Law § 12.2(a), at 266 (2d ed. 2003), by "the very nature of the offense, it often may be established only by indirect and circumstantial evidence," Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982).

James v. Commonwealth, 53 Va. App. 671, 678, 674 S.E.2d 571, 575 (2009).

> Thus, when "it has been shown that the defendants 'by their acts *pursued the same object*, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the [fact finder] will be justified in concluding that they were engaged in a conspiracy to effect that object.'"

Id. at 678, 674 S.E.2d at 575 (alteration in original) (quoting Charity v. Commonwealth, 49 Va. App. 581, 586, 643 S.E.2d 503, 505 (2007)). "Without more, mere 'proof of overt acts in themselves is not sufficient, for it must be established that the conspiracy or agreement which is charged to have existed and which is the gist of the offense had been formed before and was existing at the time of the commission of [any] overt act or acts.'" Poole v. Commonwealth, 7 Va. App. 510, 513, 375 S.E.2d 371, 372-73 (1988) (quoting Harms v. United States, 272 F.2d 478, 482 (4th Cir. 1959)). "Accordingly, . . . [a]bsent an actual agreement between two or more persons, a bilateral meeting of the minds, Virginia law precludes a finding that a conspiracy exists." Fortune, 12 Va. App. at 650, 406 S.E.2d at 50.

In Charity, this Court affirmed the defendant's conviction of conspiracy to escape from prison despite the lack of any evidence of any conversation between the defendant and the other inmate. 49 Va. App. at 583, 643 S.E.2d at 504. This Court reasoned that a fact finder could

reasonably conclude there was an agreement between the inmates because "[the] facts demonstrate[d] that the two men specifically focused their combined efforts on reaching and attempting to drive away in [a] truck, which was crucial to the success of their attempted escape." Id. at 587, 643 S.E.2d at 505. Although there was no evidence of a conversation between the defendant and the other inmate, the truck they tried to drive away regularly delivered and picked up items from the jail around the same time on most days, the defendant shoved the driver aside while the other inmate climbed in and *slid over* to the passenger seat so that the defendant could climb into the driver's seat, and the inmates worked together to keep the driver's side door closed against the officers' and driver's attempts to open the door and remove them from the truck. Id. at 586-87, 643 S.E.2d at 505. Thus this Court held "that sufficient evidence exists to find, as the trial court noted in denying the motion to strike, that the actions described above were undertaken by the efforts of two men *acting together* to attain the ultimate goal of escaping from prison." Id. at 587, 643 S.E.2d at 505 (emphasis added).

By contrast, in this case, this Court finds that the evidence is not sufficient to find that a conspiracy existed between appellant and the other two occupants or either of them. Similar to Charity, there is no evidence of a conversation between appellant and the other occupants in the vehicle nor are there any statements made by any occupants from which to infer an agreement. But unlike Charity, the fact that two other men were in the car with appellant is insufficient to find beyond a reasonable doubt that any of the occupants of the vehicle were "acting together to attain the ultimate goal" of distributing the cocaine in the closed glove compartment. See id. at 587, 643 S.E.2d at 505. There was no scent, residue, or evidence of the cocaine on any of the occupants of the vehicle. There is no evidence of the order in which each person entered the vehicle or how long each was in the vehicle. Further, there were no furtive movements by the occupants or other overt actions that tended to prove they were working together to accomplish

- 9 -

anything other than driving down the road at an early hour in the morning. The fact that Carter was sitting in front of the glove compartment is not an overt act that tends to show he was acting in concert with appellant to distribute cocaine. Similarly, the fact that Roy was driving the vehicle is not an overt act tending to show that he was acting in concert with appellant to distribute cocaine. Although evidence of an agreement is generally circumstantial, "[s]uspicion is not enough; conjecture is not proof." Stoots v. Commonwealth, 192 Va. 857, 865, 66 S.E.2d 866, 871 (1951). Without evidence of "an actual agreement between two or more persons . . . , Virginia law precludes a finding that a conspiracy exists." Fortune, 12 Va. App. at 650, 406 S.E.2d at 50. Accordingly, this Court reverses appellant's conspiracy conviction.

## IV. CONCLUSION

For the foregoing reasons, this Court affirms appellant's conviction for possession of cocaine with the intent to distribute and reverses appellant's conviction of conspiracy to possess cocaine with the intent to distribute.

Affirmed in part, and reversed in part.