# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Causey and Friedman
Argued at Norfolk, Virginia


CHRISTIAN SAYERS

MEMORANDUM OPINION[*] BY
v.     Record No. 0382-22-1     JUDGE DORIS HENDERSON CAUSEY
JUNE 20, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Susan Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General; Jeff S. Howell, Jr., Assistant Attorney
General, on brief), for appellee.


Christian Sayers appeals his convictions for conspiracy to commit grand larceny and

grand larceny. Sayers challenges the sufficiency of the evidence to sustain these convictions.

For the following reasons, we affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND[1]

In January 2020, Sayers and another man drove to a Home Depot in a black Dodge sedan.[2] The two men walked through the parking lot, retrieved a shopping cart, and entered the store together; neither had the authority to remove items without payment. Sayers, identified in surveillance footage taken at the store's entrance, was wearing brown Timberland boots and following the other man, who was wearing a dark-colored hat and pushing the cart. When they entered the store, the men went directly to the electrical aisle where the electrical wire was kept. No surveillance cameras showed a view of the store aisles. A few minutes later, the men emerged from the electrical aisle together and proceeded toward the cash registers. A large spool of electrical wire was on the bottom rack of the shopping cart. As they approached the registers, Sayers walked quickly ahead of his companion, who was still pushing the shopping cart. The pair walked beyond all points of sale, including two open registers and self-checkouts.

After they exited the store, the men split up and ran through the parking lot toward the black Dodge. When they reached the car, both men approached the driver's side and bent over. After some movement, Sayers walked around the car to the passenger side and got in, while his companion entered the driver's seat of the car. The black Dodge then pulled out of the parking lot and fled, leaving the now-empty shopping cart in the adjacent parking space.

---

[1] On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[2] The man with Sayers was subsequently identified as Rodney Hall. Hall was not arrested until after Sayers's trial. Hall then pled guilty to petit larceny, and the conspiracy charge was nolle prossed.

Home Depot loss prevention staff identified the wire as a 500-foot spool of electrical wire valued at $1,512. The store's inventory system also indicated that it had one spool of such wire in stock on the day of the incident, and none were sold that day. The loss prevention employee did not think that one person could lift this wire spool by himself without injury.[3]

At trial, Sayers moved to strike the Commonwealth's evidence, arguing that there was no evidence that Sayers and the other individual were working in concert to steal the wire and that Sayers did not carry any merchandise from the store. The trial court denied Sayers's motion, and Sayers did not present any evidence. Sayers then reiterated that there was no evidence of an agreement and that he did not commit the larceny because he was not responsible for the conduct of his companion. Finding that the circumstantial evidence was "more than sufficient" to prove Sayers's guilt, the trial court stated that it was "incredible to believe that this could have been accomplished without an agreement to do exactly what they did" to commit the offense. The trial court convicted Sayers of conspiracy to commit grand larceny and grand larceny.

This appeal follows.

ANALYSIS

Sayers contends that the evidence was insufficient to sustain his convictions. He asserts that the Commonwealth failed to establish the existence of a conspiracy and, therefore, he could not be guilty of larceny as a co-conspirator. He further argues that, even if not guilty of conspiracy, he is not liable as a principal in the second degree to larceny because he was simply

---

[3] Sayers contends that the trial court struck evidence that two persons were needed to lift the spool of wire. However, in fact, the court struck testimony that the surveillance video showed both men lifting the spool into the car. The court did not strike testimony that the spool was heavy and it was unlikely one person could lift it by himself.

at the Home Depot with the man who stole the spool of wire but did not share his intent to steal and took nothing himself.[4]

## I. Standard of Review

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing." *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Id.* at 512-13 (alteration in original)

---

[4] The Commonwealth contends that Sayers's argument about liability as a principal in the second degree is barred by Rule 5A:18 because he did not make the same argument at trial. The record shows that the issue was raised by the Commonwealth in response to Sayers's motion to strike. Sayers then argued that there was no evidence he had aided or abetted the man with him in stealing the spool of wire. Thus, we assume without deciding that Sayers preserved this claim.

(quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). Moreover, our review "does not distinguish between direct and circumstantial evidence, as the fact finder itself 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). "[C]ircumstantial evidence [must be] sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor*, 294 Va. at 512). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Ragland v. Commonwealth*, 67 Va. App. 519, 531 (2017) (quoting *Case v. Commonwealth*, 63 Va. App. 14, 23 (2014)). "By finding the defendant guilty, . . . the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *James v. Commonwealth*, 53 Va. App. 671, 681 (2009) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). That conclusion "is itself a 'question of fact,' subject to deferential appellate review." *Id.* (quoting *Haskins*, 44 Va. App. at 9).

## II. Conspiracy to Commit Grand Larceny

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" *Speller v. Commonwealth*, 69 Va. App. 378, 389 (2018) (quoting *Wright v. Commonwealth*, 224 Va. 502, 505 (1982)). "The Commonwealth may prove the existence of a conspiratorial agreement by circumstantial evidence and need not prove an explicit agreement." *Id.* (quoting *Gray v. Commonwealth*, 30 Va. App. 725, 736 (1999), *aff'd*, 260 Va. 675 (2000)). "A conspiratorial agreement 'often may only be established by circumstantial and indirect evidence including the overt actions of the parties.'" *Carr v. Commonwealth*, 69 Va. App. 106, 119 (2018) (quoting *Johnson v. Commonwealth*, 58 Va. App. 625, 636 (2011)).

> [W]hen "it has been shown that the defendants 'by their acts pursued the same object, one performing one part and the others

- 5 -

> performing another part so as to complete it or with a view to its attainment, the [trial court] will be justified in concluding that they were engaged in a conspiracy to effect that object.'"

*Charity v. Commonwealth*, 49 Va. App. 581, 586 (2007) (quoting *Brown v. Commonwealth*, 10 Va. App. 73, 78 (1990)). "[A] common purpose and plan may be inferred from a 'development and collocation of circumstances.'" *Brown*, 10 Va. App. at 78 (alteration in original) (quoting *United States v. Godel*, 361 F.2d 21, 23 (4th Cir. 1966)); *see Charity*, 49 Va. App. at 587 (holding that even though there was no evidence of actual conversation between the defendant and the inmate with him, the evidence was sufficient to convict the defendant of conspiracy to escape from prison because their joint actions in attempting to escape supported the reasonable conclusion that they had an agreement to escape); *Speller*, 69 Va. App. at 390 (affirming the defendant's conviction for conspiracy to commit burglary where eyewitnesses saw three men enter the victim's home together, remove property, and leave together); *Velez-Suarez v. Commonwealth*, 64 Va. App. 269, 279 (2015) (affirming conspiracy conviction where the evidence showed that the defendant and a companion met at a bus stop and then walked together through a department store, selecting items that they took into fitting rooms where discarded security sensors were found later, and left the store separately without paying for the stolen items).

Here, the record supports the trial court's finding of a conspiratorial agreement. Sayers and his companion arrived at the store in the same car, the companion retrieved a shopping cart in the parking lot, and the pair entered the store together. Once inside, they walked directly to the electrical aisle. Although the surveillance footage did not show the pair's actions in the electrical aisle, the loss prevention employee testified that it was unlikely that one person could lift the spool of wire by himself without injury. The entire episode lasted approximately six minutes. The totality of the evidence permitted the trial court to conclude that Sayers and his

companion acted together in taking the spool of wire and carrying it away from the store. Sayers and his companion "pursued the same object, one performing one part and the other[] performing another part" to complete the theft. *Charity*, 49 Va. App. at 586 (quoting *Brown*, 10 Va. App. at 78). Accordingly, the evidence proved beyond a reasonable doubt that Sayers was guilty of conspiracy.

### III. Principal in the Second Degree: Grand Larceny

"[L]arceny is a common law crime . . . defined . . . as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" *Creamer v. Commonwealth*, 64 Va. App. 185, 205 (2015) (alterations in original) (quoting *Carter v. Commonwealth*, 280 Va. 100, 104-05 (2010)). Grand larceny is "simple larceny not from the person of another of goods and chattels of the value of $500 or more." Code § 18.2-95.[5] "[I]ntent may, and often must, be inferred from the facts and circumstances of the case, including the actions of the defendant and any statements made by him." *Marsh v. Commonwealth*, 57 Va. App. 645, 651 (2011) (quoting *Tarpley v. Commonwealth*, 261 Va. 251, 256 (2001)).

"A principal in the first degree is the actual perpetrator of the crime. A principal in the second degree, or an aider or abettor as he is sometimes termed, is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime." *Muhammad*, 269 Va. at 482 (quoting *Jones v. Commonwealth*, 208 Va. 370, 372 (1967)). A "principal in the second degree may be indicted, tried, convicted and punished as if a principal in the first degree." *Allard v. Commonwealth*, 24 Va. App. 57, 62 (1997) (citing Code § 18.2-18).

---

[5] The threshold amount for grand larceny was $500 when the theft occurred. 2018 Va. Acts ch. 764. The current $1,000 threshold took effect July 1, 2020. 2020 Va. Acts ch. 401.

Proof of "actual participation in the commission of the crime is not necessary" "to make a person a principal in the second degree." *Muhammad*, 269 Va. at 482 (quoting *Jones*, 208 Va. at 372). But mere presence when a crime is committed is insufficient to render one guilty as a principal in the second degree. *Hall v. Commonwealth*, 225 Va. 533, 536 (1983). The Commonwealth must prove that the accused was present at the scene of the crime and shared the criminal intent of the perpetrator or committed some act in furtherance of the offense. *Allard*, 24 Va. App. at 62. "[P]roof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, . . . the [factfinder] may infer that he assented" to the crime. *Id.* at 63 (first and second alterations in original) (quoting *Pugliese v. Commonwealth*, 16 Va. App. 82, 93-94 (1993)). "[A] lack of shared intent is not a defense to aiding and abetting liability when concert of action is proved." *Thomas v. Commonwealth*, 279 Va. 131, 159 (2010) (affirming the defendant's convictions for first-degree murder and use of a firearm, holding that "sufficient evidence of concert of action" was proved where the defendant and her boyfriend entered the home of her father, knowing they were forbidden to be there, and after pursuing her father upstairs when he refused their demands for money, the defendant did not intervene while her boyfriend brutally beat and shot her father and then assisted in disposing of his body). "In such circumstances, the law is well settled in Virginia that each co-actor is responsible for the acts of the others, and may not interpose . . . personal lack of intent as a defense." *Id.* (alteration in original) (quoting *Carter v. Commonwealth*, 232 Va. 122, 126 (1986)).

Here, the evidence is sufficient to establish that Sayers and the other man acted in a concert of action such that Sayers was a principal in the second degree for grand larceny. The surveillance footage contradicts Sayers's claim that he was merely present with the other man. The surveillance video shows Sayers and his companion both going to the aisle containing the

spool of wire. The evidence also established that it was not reasonable that one person, by himself, could have lifted the spool of wire on and off the shopping cart. *Cf. Strickler v. Commonwealth*, 241 Va. 482, 495 (1991) (noting that where the evidence showed that two people were needed to accomplish the killing, both perpetrators were liable as "immediate perpetrators" of the offense); *Hancock v. Commonwealth*, 12 Va. App. 774, 781-82 (1991) (holding that the defendant was an "immediate perpetrator" in an arson when he poured gasoline on a cushion while his companion ignited it, because "he took a direct act in committing arson"). After hurrying past all points of sale, Sayers and his companion split up, then ran through the parking lot to their parked car. The pair both went to the driver's side of the car and could be seen bending over. They then drove away, leaving an empty cart in the adjacent parking space. It was reasonable for the trial court to infer that Sayers helped his companion load the stolen spool of wire into the car. These circumstances show a concert of action to steal the spool of wire. Thus, we hold that there is sufficient evidence that Sayers committed grand larceny as a principal in the second degree.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*