COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Friedman and Callins
Argued at Leesburg, Virginia


JOHNATHAN ANDREW HARRIS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0105-23-2                     JUDGE DOMINIQUE A. CALLINS
                                                       MARCH 19, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Sarah L. Deneke, Judge

Julia B. Dillon (Goodall, Carper & Dillon, PLLC, on briefs), for
appellant.

Rachel A. Glines, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Johnathan Andrew Harris of two counts of

misdemeanor shoplifting, one count of providing a false identity to a law enforcement officer, and

one count of felony conspiracy to shoplift.  Both shoplifting offenses occurred at Kohl's department

store, the first on August 8, 2022, and the second on August 10, 2022.  Harris challenges only his

felony conspiracy conviction.  He contends that the evidence was insufficient to prove that offense

because the evidence failed to establish an agreement to shoplift or that the amount involved

exceeded $1,000.[1]  For the following reasons, we affirm the trial court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Harris has withdrawn his assignment of error challenging the trial court's sentencing
decision.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On August 8, 2022, Harris and a second male entered Kohl's department store together and collected merchandise in their respective carts. The second male left his cart with Harris, who, in turn, transferred the items into his own shopping cart. After retrieving a duffle bag from another department, Harris concealed the merchandise in the bag and left the store with the bag. Loss prevention officer Rebecca Collar, who later observed Harris's activity on store surveillance video, testified that Harris left the store without purchasing the merchandise. The value of the stolen merchandise was $623.

Two days later, on August 10, 2022, Collar "was alerted to two individuals in the back of the store selecting duffle bags." Collar observed the two individuals, later identified as Arthur Williams and Kelzy Young, on surveillance cameras before approaching them and offering "customer service." Shortly thereafter, Collar saw Harris in the athletic department collecting merchandise in a cart. She spoke to Harris and then resumed surveillance on all three men through store cameras. As Collar watched, Harris, Williams, and Young placed more merchandise in their carts. Harris met Williams and Young briefly before pushing his shopping cart into a fitting room. The cart contained several items of merchandise, including an empty duffle bag. When Harris left the fitting room, the duffle bag was still in the cart, but the bag was "very full." Harris pushed the cart to the store exit, removed the duffle bag from the cart, and ran out of the store, activating the

electronic tag alarm. The abandoned shopping cart contained over $600 worth of merchandise. Collar notified the police. Harris ran into the parking lot, placed the duffle bag in the back of a Ford Mustang, and left the scene before circling back and parking at a different location.

When the police arrived, Young and Williams were still inside the store. Collar and two officers watched Young and Williams as they concealed merchandise on their persons and pushed a cart holding a full duffle bag toward the exit. Meanwhile, officers outside surrounded the Mustang. As Young and Williams neared the exit, Young received a phone call. Immediately after the call, Young and Williams discarded all the merchandise they had collected and exited the store without the cart or duffle bag. When they left the building, the police were next to the Mustang. Young and Williams walked in the opposite direction, but the police pursued and apprehended them. Harris was apprehended as he waited in the Mustang. Police found a full black duffle bag in the floorboard behind the driver's seat. The duffle bag contained Kohl's merchandise worth approximately $952.

At trial, Collar testified that surveillance video showed Harris, Williams, Young, and Thomas Masello arriving in the Mustang outside Kohl's on August 10, 2022, shortly before the shoplifting incident. Masello, Williams, and Young entered Kohl's first, with Harris entering shortly thereafter. Masello purchased an item, returned to the Mustang, and waited there. Surveillance video depicted Harris as he ran out of the store with the duffle bag and placed it in the back of the Mustang.

At the conclusion of the evidence, Harris argued that the evidence failed to prove conspiracy because it did not establish an agreement between him and his companions to shoplift on August 10, 2022. He also asserted that the evidence failed to prove that he conspired to shoplift merchandise valued at over $1,000 because the value of the items removed from the store in the duffle bag was less than $1,000. The trial court disagreed, finding that the

circumstantial evidence established a prior agreement between Harris and his companions to commit felony larceny. The trial court convicted Harris of the misdemeanor larceny charges and the felony conspiracy charge.[2] This appeal followed.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Harris does not dispute that he stole merchandise from Kohl's on August 8 and August 10, 2022. Instead, despite the larcenous activities of his companions on both dates, he argues that the evidence failed to prove they agreed to shoplift on August 10th. Moreover, Harris contends that the evidence failed to prove that the amount involved in the conspiracy exceeded $1,000, thereby failing to meet the felony threshold. We disagree.

---

[2] The trial court also convicted Harris of providing false identification to a law enforcement officer, but since that conviction has no bearing on the issue before us, and Harris does not challenge that conviction, we do not address it.

"To prove a conspiracy, the Commonwealth must offer evidence of 'an agreement between two or more persons by some concerted action to commit an offense.'" *James v. Commonwealth*, 53 Va. App. 671, 677-78 (2009) (quoting *Wright v. Commonwealth*, 224 Va. 502, 506 (1982)). "Conspiracy requires a shared intent and joint action." *Charity v. Commonwealth*, 49 Va. App. 581, 585-86 (2007) (quoting *Hix v. Commonwealth*, 270 Va. 335, 347 (2005)). A conspiracy consists of "an agreement between two or more persons . . . and . . . an intent thereby to achieve a certain objective[,] either an unlawful act or a lawful act by unlawful means." *Id.* at 586 (third alteration in original) (quoting *Hix*, 270 Va. at 347). "[T]he crime of conspiracy is complete when the parties agree to commit an offense . . . . No overt act in furtherance of the underlying crime is necessary." *Id.* (quoting *Gray v. Commonwealth*, 260 Va. 675, 680 (2000)).

"[A] conspiracy may be inferred by actions alone." *Id.* at 587. "The existence of a conspiracy may be proven by circumstantial evidence." *Chambliss v. Commonwealth*, 62 Va. App. 459, 466-67 (2013). "It is a rare case where any 'formal agreement among alleged conspirators' can be established." *James*, 53 Va. App. at 678 (quoting *Wilder Enters., Inc. v. Allied Artists Pictures Corp.*, 632 F.2d 1135, 1141 (4th Cir. 1980)). "Proof of an explicit agreement is not required." *Combs v. Commonwealth*, 30 Va. App. 802, 810 (1999). When the defendants "pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the [factfinder] will be justified in concluding that they were engaged in a conspiracy to effect that object." *Charity*, 49 Va. App. at 586 (quoting *Brown v. Commonwealth*, 10 Va. App. 73, 78 (1990)). "[A] common purpose and plan may be inferred from a 'development and collocation of circumstances.'" *Brown*, 10 Va. App. at 78 (alteration in original) (quoting *United States v. Godel*, 361 F.2d 21, 23 (4th Cir. 1966)). Thus, in *Velez-Suarez v. Commonwealth*, 64 Va. App. 269 (2015), circumstantial

evidence proved the existence of a conspiracy where the defendant and a companion met before entering a department store together, collected merchandise and removed security tags, and exited separately without paying for the stolen items. *Id.* at 279.

Here, similarly, the circumstantial evidence was sufficient to prove beyond a reasonable doubt that Harris and his companions agreed to shoplift merchandise on August 10, 2022. After shoplifting merchandise on August 8, 2022, by concealing items in a duffle bag and successfully exiting the store, Harris returned two days later with three companions and adopted the same modus operandi. Just as Harris had previously stolen merchandise two days earlier by concealing the merchandise in a duffle bag, on August 10, he and his companions moved throughout the store and concealed items in their respective duffle bags. Harris left the store first with stolen merchandise and returned to the Mustang in which he and his companions had arrived. After Harris's departure activated the store alarm, Collar notified the police, and shortly after the police arrived, Harris's accomplices abandoned their duffle bag and other concealed items near the Kohl's exit and fled to the parking lot. Based on these circumstances, the trial court could rationally find that Harris and his companions had agreed to shoplift merchandise at Kohl's on August 10, 2022.

Moreover, the trial court's finding that the amount involved in the conspiracy exceeded $1,000 was not plainly wrong or without evidence to support it. "Larceny is an offense that differentiates between a felony and misdemeanor based on the value of stolen property." *Spratley v. Commonwealth*, 298 Va. 187, 194 (2019). Code § 18.2-23(B) states in pertinent part:

> If any person shall conspire, confederate or combine with another or others in the Commonwealth to commit larceny or counsel, assist, aid or abet another in the performance of a larceny, where the aggregate value of the goods or merchandise *involved* is $1,000 or more, he is guilty of a felony . . . . The willful concealment of goods or merchandise of any store or other mercantile establishment, while still on the premises thereof, shall be prima

- 6 -

facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise.

(Emphasis added).

Here, the evidence established that Harris and his companions filled two duffle bags with store merchandise and proceeded to the store exit. Harris's duffle bag, which held over $950 in merchandise, was "very full," permitting a rational inference that he transferred as much merchandise as possible from the shopping cart before exiting the store, leaving over $600 worth of merchandise in the cart. Although Williams and Young ended their shoplifting attempt after the police were notified, the trial court could rationally find that the items in the abandoned duffle bag bore some value, even though the specific value was not proven.

Overall, the evidence proved that Harris gathered over $1500 worth of merchandise in his shopping cart before entering a fitting room and concealing as much of that merchandise as possible in a duffle bag before leaving the store with the bag and without paying for the items. Combined with the evidence that Harris's companions were filling another duffle bag and concealing items in their clothing, the evidence was sufficient to prove that Harris and his companions intended to steal as much merchandise as possible when they entered the store. The evidence that they collected merchandise valued over $1,000 was sufficient to establish that stealing the merchandise was the object of their agreement, even if they were ultimately thwarted in achieving that objective. Thus, the evidence was sufficient to prove beyond a reasonable doubt that Harris and his companions conspired to commit larceny involving goods worth $1,000 or more. Accordingly, we affirm Harris's felony conspiracy conviction.

CONCLUSION

For the reasons stated, the trial court's judgment is affirmed.

*Affirmed*.